**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CUONG VIET NGUYEN,**
**A#074-505-459,**

   **Petitioner,**

**vs.**           **Case No. 4:17cv482-RH/CAS**

**JEFF SESSIONS, et al.,**

   **Respondents.**

_____/

**ORDER and REPORT AND RECOMMENDATION**

  Petitioner, proceeding pro se, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 on October 23, 2017, seeking release from

detention. ECF No. 1. Petitioner is a native and citizen of Vietnam, but

became a lawful permanent resident of the United States on October 31,

1995. Petitioner was taken into ICE custody on March 17, 2017, having

previously been ordered removed in 2009. Petitioner alleged that ICE will

be unable to obtain travel documents to remove him to Vietnam because

Vietnam will not accept him. *Id.* at 2. Thus, he argued that his removal

was not reasonably foreseeable and he should be released from what he

claimed was a period of indefinite detention. ECF No. 1.

On January 4, 2018, Respondents filed a response to the petition, asserting that there was "a significant likelihood of removal in the reasonably foreseeable future."  ECF No. 12 at 2.  Petitioner then filed a reply, ECF No. 14, asserting that the Vietnamese government had "already denied" a travel document request in March 2017.  *Id.* at 2.  He argued that ICE has not shown that his removal was significantly likely, *id.* at 6, and he filed a motion requesting release, ECF No. 15.

Just after Petitioner's motion was filed, Respondents filed a motion to supplement the response.  ECF No. 16.  Respondents sought to file supplemental declarations which were submitted with the motion.  Ordinarily, that motion would be granted.  However, on April 3, 2018, Respondents filed a "notice of mootness."  ECF No. 17.  Attached to the notice are documents demonstrating that Petitioner was released on an order of supervision on March 7, 2018.  ECF No. 17-1.  Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, this § 2241 petition should be dismissed as moot.

The notice of mootness contains a certificate of service indicating the document was provided to Petitioner at his address of release, 11557 Saints Road, Jacksonville, Florida 32246.  ECF No. 17 at 2.  The Clerk of Court shall forward this Report and Recommendation to Petitioner at that

address.  If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 11557 Saints Road, Jacksonville, Florida 32246, and his address of record at the Wakulla County Jail.

**REPORT AND RECOMMENDATION**

In light of Respondents' showing that Petitioner has been released from detention, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition, and that all other pending motions be denied as moot.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.